UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7819 CAS (Ex) | Date | May 20, 2010 |
|---|---|---|---|
| Title | ADAM ALARID v. D. MAILLOUX; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE M. JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (In Chambers): **DEFENDANTS' MOTION FOR NEW TRIAL** (filed 05/03/10)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. The hearing date of May 24, 2010, is hereby vacated and the matter is hereby taken under submission.

## I.   INTRODUCTION

On November 26, 2008, plaintiff Adam Alarid ("Alarid") filed suit in federal court against defendants Daniel Mailloux ("Mailloux"); Cesar Mayorga-Rugama ("Mayorga"); Leroy Baca ("Sheriff Baca"), in his individual and official capacities as Sheriff for the County of Los Angeles; the County of Los Angeles (the "County"); and Does 1 through 5. The complaint alleging claims (1) against Mailloux and Mayorga for their unlawful search, unlawful seizure, and use of excessive force in violation of the Fourth Amendment; their preparation of a fraudulent citation to induce the prosecution of criminal charges against plaintiff without probable cause in violation of plaintiff's due process rights under the Fourteenth Amendment; their detention, search, and arrest of plaintiff with intent to discriminate against him on the basis of race or ethnicity in violation of the Fourteenth Amendment; their retaliation against plaintiff for exercising his right to freedom of expression in violation of the First Amendment pursuant to 42 U.S.C. § 1983; and against Sheriff Baca in his individual capacity for ratifying the violations of plaintiff's constitutional rights by Mailloux and Mayorga, and for failing to adequately train and supervise Mailloux and Mayorga pursuant to 42 U.S.C. § 1983; (2) against Sheriff Baca in his official capacity and the County for maintaining an unwritten custom, policy, or practice which permitted Mailloux and Mayorga's unlawful conduct, and for failing to adequately train and supervise deputy sheriffs pursuant to 42 U.S.C. §

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7819 CAS (Ex) | Date | May 20, 2010 |
|---|---|---|---|
| Title | ADAM ALARID v. D. MAILLOUX; ET AL. | | |

1983; (3) against Mailloux and Mayorga for discriminating against plaintiff on the basis of race or ethnicity, and against Sheriff Baca in his individual capacity for ratifying the discriminatory conduct of Mailloux and Mayorga pursuant to 42 U.S.C. § 1981; (4) against Sheriff Baca in his official capacity and the County for maintaining an unwritten custom, policy, or practice which permitted Mailloux and Mayorga's discriminatory conduct, and for failing to adequately train and supervise deputy sheriffs pursuant to 42 U.S.C. § 1981; and (5) against Mailloux, Mayorga, and the County for violating plaintiff's constitutional rights pursuant to Cal. Civil Code § 52.1. On January 13, 2009, defendants filed their answer.

On October 15, 2009, defendants filed a motion for summary judgment as to all claims, and plaintiff filed a cross-motion for summary adjudication of issues. On January 13, 2010, the Court granted in part and denied in part defendants' motion for summary judgment, and granted in part and denied in part plaintiff's motion for summary adjudication of issues.

This case was tried to a jury on March 5 and 9-12, 2010. On March 12, 2010, the jury returned a verdict in favor of plaintiff. The jury found:

**Question 1:**
Do you find by a preponderance of the evidence that Plaintiff Adam Alarid's Fourth Amendment right to be free from unreasonable search was violated?

<u>Yes</u>   Defendant Daniel Mailloux
<u>Yes</u>   Defendant Cesar Mayorga-Rugama

**Question 2:**
Do you find by a preponderance of the evidence that Plaintiff Adam Alarid's Fourteenth Amendment right to due process was violated?

<u>Yes</u>   Defendant Daniel Mailloux
<u>Yes</u>   Defendant Cesar Mayorga-Rugama

**Question 3:**
Do you find by a preponderance of the evidence that Plaintiff Adam Alarid's First Amendment right to free speech was violated by an act taken by a Defendant in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7819 CAS (Ex) | Date | May 20, 2010 |
|---|---|---|---|
| Title | ADAM ALARID v. D. MAILLOUX; ET AL. | | |

retaliation against the exercise of free speech?

<u>Yes</u>   Defendant Daniel Mailloux
<u>Yes</u>   Defendant Cesar Mayorga-Rugama

**Question 4:**
    Do you find by a preponderance of the evidence that Plaintiff Adam Alarid's Fourth Amendment right to be free from an unreasonable seizure of his person was violated?

<u>Yes</u>   Defendant Daniel Mailloux
<u>Yes</u>   Defendant Cesar Mayorga-Rugama

**Question 5:**
    Do you find the preponderance of the evidence that Plaintiff Adam Alarid's Fourth Amendment right to be free from an unreasonable seizure of his property was violated?

<u>Yes</u>   Defendant Daniel Mailloux
<u>Yes</u>   Defendant Cesar Mayorga-Rugama

**Question 6:**
    If you answered "yes" to one or more of the preceding Questions, write the amount of compensation to which Plaintiff Adam Alarid is entitled on the line below.

$ <u>15,000</u>

**Question 7:**
    If you answered "yes" to one or more of the preceding Questions that Plaintiff's Constitutional rights were violated, then you may, but are not required to, award punitive damages, if you find that the Defendant's conduct that harmed the Plaintiff was malicious, oppressive or in reckless disregard of the Plaintiff's right. Indicate the amount of punitive damages that you award in favor of Plaintiff against one or more of the Defendants below:

Defendant Daniel Mailloux          <u>$35,000</u>
Defendant Cesar Mayorga-Rugama     <u>$20,000</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7819 CAS (Ex) | Date | May 20, 2010 |
|---|---|---|---|
| Title | ADAM ALARID v. D. MAILLOUX; ET AL. | | |

On May 3, 2010, defendants filed the instant motion for a new trial. On May 13, 2010, plaintiff filed an opposition. A reply was filed on May 17, 2010. A hearing was held on March 8, 2010. After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

## II.    BACKGROUND

The facts of this dispute are known to the parties and set forth in this Court's order dated January 13, 2010.

## III.    LEGAL STANDARD

A court may grant a new trial if the jury's verdict is against the clear weight of the evidence. Landes Const. Co., Inc. v. Royal Bank of Can., 833 F.2d 1365, 1371 (9th Cir. 1987). In considering a Fed. R. Civ. P. 59 motion, the court may "weigh the evidence and assess the credibility of witnesses, and need not view the evidence from the perspective most favorable to the prevailing party." Id. at 1371-72 (citing 11 C. Wright & A. Miller, Federal Practice and Procedure § 2806, at 48-49 (1973) ("If, having given full respect to the jury's findings, the judge on the entire evidence is left with the definite and firm conviction that a mistake has been committed, it is to be expected that he will grant a new trial.")). However, the court should only grant a new trial if, without substituting its judgment for that of the jury, the court is firmly convinced that the jury made a mistake. Landes Constr. Co., 833 F.2d at 1372.

## IV.    DISCUSSION

Defendants argue that on a number of occasions during trial, plaintiff's attorney engaged in persistent argumentative questioning which often had the character of testifying to the jury, and that on nearly every occasion the Court sustained defendants' objection. Mot. at 10. Defendants argue that this example of attorney misconduct was unusually persistent, and thus had the effect of demeaning the quality of defendants' testimony and had an influence on the jury. Id.

Defendants further argue that the jury's verdict indicates that it was based on "passion, prejudice, and personal dislike of Defendants." Mot. at 10. Defendants assert

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7819 CAS (Ex) | Date | May 20, 2010 |
|---|---|---|---|
| Title | ADAM ALARID v. D. MAILLOUX; ET AL. | | |

that awarding the sum of $15,000 for 20 minutes of detention that included a search for narcotics but no physical mistreatment indicates that the jury based its verdict on personal animus against defendants rather than any real injury to plaintiff. Id. at 11. Defendants similarly assert that the punitive damages awards of $35,000 against Mailloux and $20,000 against Mayorga-Rugama were based on personal animus rather than "rationally condemnable conduct." Id. (citing Mendez v. County of San Bernardino, 540 F.3d 1109 (9th Cir. 2008) (reducing a punitive damages award from $250,000 to $5,000, "in light of the nominal compensatory damages awarded" of $1)).

Defendants assert that they request a new trial on the ground that their conduct did not amount to a constitutional violation, in view of the substantial evidence showing probable cause for stop, search, and detention while conducting a field investigation. Id. at 13. Defendants further argue that in the alternative, they request a remittitur of the $15,000 awarded to plaintiff in compensatory damages, "in view of the short duration of his detention, the absence of physical injury or other aggravating factors, and the circumstance that at most plaintiff suffered upset feelings and minimal inconvenience." Id. at 14. Defendants assert that they also request a new trial on the issue of punitive damages, on the ground that substantial evidence shows such damages are not justified in this case. Id.

Plaintiff responds that even if these arguments, which lack merit, are considered, they do not provide a basis for a new trial.

The Court finds that plaintiff provided sufficient evidence for a jury to find that the officers violated his constitutional rights, and that their conduct was malicious, oppressive, or in reckless disregard of such rights. The Court concludes that the jury's verdict was not against the clear weight of the evidence, because the jury could have found the testimony of plaintiff and his witnesses to be more credible than that of the officers. The Court further finds that defendants are not entitled to a new trial based on any misconduct of plaintiff's counsel. Accordingly, the Court DENIES plaintiffs' motion for a new trial. Landes Const. Co., Inc., 833 F.2d at 1371.

### III.  CONCLUSION

In accordance with the foregoing, the Court DENIES defendants' motion for a new trial.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7819 CAS (Ex) | Date | May 20, 2010 |
|---|---|---|---|
| Title | ADAM ALARID v. D. MAILLOUX; ET AL. | | |

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | CMJ |